**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ADRIAN WOOTEN**                                                      **PETITIONER**

**VS.**                              **CASE NO. 5:17CV00308 JM/PSH**

**WENDY KELLEY, Director of the
Arkansas Department of Correction**                       **RESPONDENT**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody Jr . You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Adrian Wooten ("Wooten") seeks a  writ of habeas corpus pursuant to 28 U.S.C. §2254. Wooten is currently in the custody of the Arkansas Department of Correction (ADC). A Howard County jury convicted Wooten of rape and aggravated residential burglary on November 19, 2014. He was sentenced as an habitual offender to 720 months' imprisonment for rape and 480 months' imprisonment for aggravated residential burglary, with the terms to be served consecutively. On November 21, 2014, Wooten filed a motion for new trial, raising four claims for relief. The trial court orally denied the motion for new trial on December 10, 2014 after a hearing was held. The trial court did not enter a written order denying the motion.

On December 18, 2014, Wooten filed a notice of appeal of his convictions and sentences.

This notice did not include an appeal of the denial of his motion for new trial.  Instead, Wooten's sole claim for relief was the trial court's purported error in finding the 89 year old victim competent to testify.  The Arkansas Court of Appeals affirmed his conviction on October 21, 2015.  *Wooten v. State*, 2015 Ark. App. 568.

Wooten next filed a Rule 37 petition with the trial court, alleging his trial and appellate counsel were ineffective for failing to challenge the trial court's failure to issue a written order regarding the motion for a new trial, prosecutorial misconduct, the Arkansas habitual offender statute was unconstitutionally vague, and his direct appeal counsel was ineffective for failing to challenge the habitual offender statute.  The trial court denied Rule 37 relief by Order dated February 17, 2016.  Docket entry no. 8-11, pages 20-23.  Wooten appealed to the Arkansas Supreme Court, which affirmed the trial court in a November 3, 2016, decision.  The mandate issued on November 22, 2016.

On November 20, 2017, Wooten filed his federal habeas corpus petition.  Wooten raises the following three claims for relief:

1.  The Arkansas habitual offender statute is unconstitutionally vague;

2.  Wooten's attorneys were ineffective for failing to challenge the constitutionality of the Arkansas habitual offender statute; and

3.  Wooten's sentence was illegal since it exceeded the maximum sentence which could be imposed under the habitual offender statute.

Respondent Wendy Kelley ("Kelley") alleged, among other things, that Wooten failed to file a timely federal habeas corpus petition and urges dismissal on that basis.  By Order of March 20, 2018, Wooten was notified of his opportunity to counter Kelley's statute of limitations argument.  Wooten was directed to submit an explanatory pleading on or before April 20.  Wooten filed a responsive pleading on April 26.  After receipt of Wooten's pleading, the Court invited Kelley to respond to the issues raised by Wooten.  Docket entry no. 14.  Kelley responded to the Court's Order.  Docket entry no. 15.

2

*The Statute of Limitations and Analysis:*

Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Kelley is correct that Wooten's conviction became final on November 10, 2015.  Wooten's direct appeal was decided by the Arkansas Court of Appeals on October 21, 2015.  Arkansas Rules provide that a petition for discretionary review by the Supreme Court of Arkansas must be filed within 18 days of the appellate decision.  Ark. Sup. Ct. R. 2-4(a).  When Wooten did not seek discretionary review, his convictions became final nineteen days after the appellate decision, or on November 10, 2015, and the statute of limitations began to run.  *King v. Hobbs*, 666 F.3d 1132, 1136, n. 4 (8th Cir. 2012).  The one year limitations period ran for only 14 days until Wooten filed his Rule 37 petition on November 24.  *See Painter v. Iowa*, 247 F.3d 1255 (8th Cir. 2001) (the time between completion of direct review and filing of Rule 37 petition counts against the limitation period).  Since the Rule 37 petition was a properly filed application for postconviction relief, the limitation statute tolled the running of the limitations period so long as the postconviction petition was pending.  28 U.S.C. § 2244(2).  In this instance, Rule 37 relief was denied by the Supreme Court

3

of Arkansas on November 3, 2016, and the mandate issued on November 22, 2016.  Three hundred

and sixty three (363) days passed from the issuance of the mandate on November 22, 2016, until

Wooten filed his habeas corpus petition with this Court on November 20, 2017.   The  363 day

period added to the 14 day period equals a total of 377 days which elapsed prior to Wooten filing

his petition.  Wooten's arguments to the contrary are unavailing.  He failed to file a timely federal

habeas corpus petition, and we recommend dismissal on that basis.

*Merits of the Claims:*

Even if we assume a timely filing by Wooten, he would not prevail on his claims.  Wooten's

first and second claims were addressed in his Rule 37 proceeding.[1]  When the state court has ruled

on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state

court's decision "was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court" or the state court's decision "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court."  28

U.S.C. § 2254(d)(1), (2).  The United States Supreme Court offers guidance in interpreting the

statute:

> A state court decision will be "contrary to" our clearly established precedent if the
> state court either "applies a rule that contradicts the governing law set forth in our
> cases," or "confronts a set of facts that are materially indistinguishable from a
> decision of this Court and nevertheless arrives at a result different from our
> precedent."  A state court decision will be an "unreasonable application of" our
> clearly established precedent if it "correctly identifies the governing legal rule but
> applies it unreasonably to the facts of a particular prisoner's case."
>        . . . Distinguishing between an unreasonable and an incorrect application of
> federal law, we clarified that even if the federal habeas court concludes that the state
> court decision applied clearly established federal law incorrectly, relief is appropriate
> only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

Wooten has not demonstrated that the decision of the Supreme Court of Arkansas (see docket

---

[1]Wooten's third claim, that his sentence exceeded the maximum under the habitual offender
statute, is without merit under the plain language of the statute.  *See* Ark. Code Ann. § 5-4-501
(defendant with a prior felony conviction who is convicted of a Y felony may be sentenced to a
term of not less than 10 nor more than 60 years, or life).

entry no. 8-15) was contrary to or an unreasonable application of federal law, or was based upon an unreasonable determination of the facts in light of the evidence adduced in state court. We have carefully reviewed the trial transcript, as well as the Rule 37 proceedings. The Arkansas courts cited the appropriate controlling federal law and reasonably applied it. For example, Wooten's assertions of ineffective assistance of counsel were considered in light of *Strickland v. Washington*, 466 U.S. 668 (1984), the foremost federal case governing such claims. The Arkansas courts found no attorney error, and the record supports this conclusion.

And even if attorney error was present, Wooten would still be required to establish prejudice, or that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. Wooten cannot make such a showing. To the contrary, the evidence of Wooten's guilt was overwhelming. The elderly rape victim testified to the attack, but not to the identity of her attacker. A rape kit examination corroborated her testimony of an attack, evidenced by bruising and vaginal tears, and produced semen samples from her clothing and mouth. These samples matched a known sample in the database provided by Wooten. Further, the victim's great granddaughter, present when the attack occurred, identified Wooten. Docket entry no. 8-4 and 8-5. Madison Harrell, a DNA examiner employed by the Arkansas State Crime Lab, testified that the possibility that the DNA did not come from Wooten was "less than one in 27 quintillion." Docket entry no. 8-5, page 224. Wooten's claims are without merit.

In summary, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied because the petition was filed outside the statute of limitations or, in the alternative, on the merits of the claims.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a

constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 18th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE